UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

Yve Fouladi,

                Plaintiff,

-against-

Cohen & Slamowitz, LLP,

                Defendant.
-------------------------------------------------------X

CV 12 - 3161

Civil Action No.:_____

TOWNES, J.

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

J. ORENSTEIN, M.J.

Plaintiff Yve Fouladi ("Plaintiff" or "Fouladi"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for her Complaint against the Defendant Cohen & Slamowitz, LLP ("Defendant" or "SLAMOWITZ"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

### PARTIES

2. Plaintiff is a resident of the State of New York, County of Nassau, residing at 15 Stuart Street, Great Neck, New York 11023.

3. Upon information and belief, the Defendant is a law firm specializing in debt collection, with a principal place of business at 199 Crossways Park Drive, Woodbury, New York 11797, and is authorized to do business in the State of New York.

4. The Defendant is a "debt collector" as the phrase is defined and used in the FDCPA.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. On or about November 1, 2011, the Defendant sent a letter to the Plaintiff and this letter indicated that the balance due for the Alleged Debt was $15,568.46.

10. Said letter was signed by the Defendant Cohen & Slamowitz LLP, as attorney.

11. Upon information and belief, said letter was part of a mass production and mass mailing, and no attorney had actually reviewed the subject collection matter.

12. Said letter neglected to disclose that no attorney had actually reviewed the subject collection matter at that time.

13. This lack of actual attorney involvement and the failure to include such notice in the letter violated the FDCPA, 15 U.S.C. Sec. 1692e(3).

14. Furthermore, on or about November 10, 2011, the Plaintiff's attorney, Fredrick Schulman & Associates, sent a letter notifying the Defendant that the Plaintiff was represented by counsel. Said letter clearly informed the Defendant to direct all future communication to the Plaintiff's counsel in addition to informing the Defendant of its FDCPA violation.

15. On January 2, 2012, the Defendant sent another collection letter to the Plaintiff, after acquiring knowledge that she was represented by the undersigned law firm.

16. On or about April 23, 2012, the Defendant again sent a collection letter directly to the Plaintiff.

17. On or about May 10, 2012, the Plaintiff's attorney sent a letter to the Defendant's counsel, Wendy Shepps, Esq. of Littleton, Joyce, Ughetta, Park & Kelly LLP, informing her of the Defendant's repeated contact directly with the Plaintiff, and advising her that such actions are violations of the FDCPA.

18. On or about May 21, 2012, the Defendant sent a notice of a default judgment to the Plaintiff. The Defendant obtained this default judgment against the Plaintiff without ever sending copies of any pleadings to the Plaintiff's attorney.

19. These actions by the Defendant are violations of the FDCPA, 15 U.S.C. Sec. 1692c(a)(2).

20. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

22. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. Sec. 1692c(a)(2) and 15 U.S.C. Sec. 1692e(3).

23. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

24. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff Yve Fouladi demands judgment against the Defendant Cohen & Slamowitz, LLP, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
June 5, 2012

Respectfully submitted,

By: _____
Samuel A. Ehrenfeld
FREDRICK SCHULMAN & ASSOCIATES
Attorneys for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053
samfeld@hotmail.com